**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00288-MR
(CRIMINAL CASE NO. 1:17-cr-00067-MR-WCM-1)
(CRIMINAL CASE NO. 1:17-cr-00081-MR-WCM-1)**

| | |
|---|---|
| **JOSEAN CYRISTMAS KINARD,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [CV Doc. 1].[1]

**I.    BACKGROUND**

On May 18, 2017, Petitioner Josean Cyristmas Kinard ("Petitioner") was charged in a Bill of Indictment with one charge of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) ("Count One") and one count of possession of a firearm in interstate commerce with an

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 1:16-cv-00288-MR, the letters "CR-67," denoting that the document is listed on the docket in the criminal case file number 1:17-CR-00067-MR-WCM-1, or "CR-81," denoting that the document is listed on the docket in the criminal case file number 1:17-cr-00081-MR-WCM-1.

obliterated serial number, in violation of 18 U.S.C. § 922(k) (Count Two). [CR-67, Doc. 1: Bill of Indictment]. On June 7, 2017, Petitioner was charged in a Bill of Indictment in a second criminal case with one count of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count One); one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count Two); one count of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) (Count Three); and one count of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count Four). [CR-81, Doc. 1: Bill of Indictment].

On July 24, 2017, Petitioner and the Government entered into a Plea Agreement in both cases. In Case No. 1:17-cr-67, Petitioner agreed to plead guilty to Count One, and the Government agreed to dismiss Count Two. [CR-67, Doc. 19 at 1: Plea Agreement]. In pleading guilty in this case, Petitioner stipulated that there was a factual basis for his plea of guilty and that he had read and understood the Factual Basis that was filed with his Plea Agreement. [CR-67, Id. at 4]. Among other things, the Factual Basis stated that Petitioner admitted to the arresting officer that Petitioner had a 9mm pistol in his vehicle and that Petitioner was a convicted felon. [CR-67, Doc. 20 at ¶ 2]. The arresting officer, thereafter, recovered Petitioner's firearm from the center console of Petitioner's vehicle. [Id. at ¶ 3]. The

Factual Basis also states:

> [Petitioner] was a convicted felon at the time of the offense for a felony where [Petitioner's] sentence was more than a year and a day. One of the felony convictions includes a North Carolina conviction from on or about March 26, 2009 for Trafficking in Cocaine where he received an active sentence of 35 months minimum and 42 months maximum…. [Petitioner] was a prohibited person at the time of the offense.

[Id. at ¶ 6]. In Case No. 1:17-cr-81, Petitioner agreed to plead guilty to Counts One and Two, and the Government agreed to dismiss Counts Three and Four. [CR-81, Doc. 14 at 1: Plea Agreement].

On February 15, 2018, Petitioner was sentenced in both cases. The Court sentenced Petitioner to 70 months on Count One in Case No. 1:17-cr-67 and 70 months as to Counts One and Two in Case No. 1:17-cr-81, to be served concurrently, for a total term of imprisonment of 70 months. [CR-67, Doc. 35 at 2; CR-81, Doc. 31 at 2]. Judgments on these convictions were entered on February 21, 2018. [Id.]. Petitioner did not file direct appeals from these Judgments.

On October 7, 2019, Petitioner filed a *pro se* motion to vacate sentence under 28 U.S.C. § 2255. [CV Doc. 1]. Petitioner seeks relief under § 2255 on three grounds: (1) "[i]n light of the Rehaif v US ruling, the petitioner's 922(g) offense must be Vacated because it failed to meet all elements;" (2) "[t]he court erred in increasing the [base offense level] based upon priors that

no longer qualify due to text & commentary being inconsistent;" and (3) "[t]he court erred by imposing a consecutive sentence and also by failing to properly group the offenses."[2]  [Id. at 3-5].

The Court conducted an initial screening of Petitioner's motion under the Rules Governing § 2255 Proceedings, Rule 4(b) 28 U.S.C.A. foll. § 2255 and found that the motion appeared untimely.  The Court, therefore, gave Petitioner twenty (20) days in which to provide an explanation as to why the motion should not be dismissed as untimely.  [CV Doc. 2 at 8 (citing Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002))].  Petitioner's response was due on December 10, 2019.  [See id. at 9].  On January 7, 2020, Petitioner filed a motion, which was dated December 9, 2019, seeking an extension of time to file his response, claiming that he did not receive the Court's Order until December 3, 2019.  [CV Doc. 4].  The reasons for the delay in this Court's receipt and filing of Petitioner's motion were unknown.  Giving Petitioner the benefit of having timely mailed his motion for additional time, the Court granted Petitioner an additional twenty-one (21) days to respond to the Court's Braxton Order.  [CV Doc. 5 at 4].  Petitioner's response was due on February 18, 2020.  As of this Order, Petitioner has not filed his response

---

[2] As noted, the Court ordered that Petitioner's sentences be served concurrently, not consecutively.  [CR-67, Doc. 35 at 2; CR-81, Doc. 31 at 2].

4

explaining why his action is not untimely.

## II. ANALYSIS

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, as noted, judgment was entered in this action on February 21, 2018, and Petitioner did not appeal. [CR-67, Doc. 36; CR-81, Doc. 31].

Petitioner's conviction, therefore, became final for purposes of Section 2255(f) on March 7, 2018, fourteen days after judgment was entered. See Fed. R. App. P. 4(b)(1)(A). Accordingly, the one-year period of limitations under Section 2255 expired on March 7, 2019. Petitioner did not mail his Section 2255 motion to vacate until October 4, 2019.³ [See CV Doc. 1]. Petitioner argues that his motion is timely filed, "[i]n light of the subsequent Supreme Court rulings." [CV Doc. 1 at 10]. Although Petitioner cites several cases in support of his motion, the only recent Supreme Court decision Petitioner cites is Rehaif v. United States, 139 S. Ct. 2191 (2019). [Id. at 3; see id. at 14].

In Rehaif, the petitioner was an alien who entered the country on a nonimmigrant student visa to attend university. He received poor grades and the university dismissed him. The university told the petitioner that his "immigration status" would be terminated unless he transferred to a different university or left the country. Id. at 2194. After the Government learned of the petitioner's visit to a firing range, where he shot two firearms, the petitioner was prosecuted for possessing firearms as an alien unlawfully in the United States in violation of § 922(g) and § 924(a)(2). The case went to trial. The judge instructed the jury, over petitioner's objection, that the

---
³ Petitioner's motion was filed on October 7, 2019.

"United States is not required to prove" that the petitioner "knew he was illegally or unlawfully in the United States." Id. at 2194. The jury found the petitioner guilty and he was sentenced to 18 months' imprisonment. Id. At issue before the Supreme Court was whether the Government must prove that a defendant knows of his status as a person barred from possessing a firearm, which in that case was the petitioner's status as an illegal alien. Id. at 2195.

The Supreme Court held that, in a prosecution under § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. Id.

With respect to Rehaif, Petitioner argues that his § 922(g) conviction must be vacated because the Government "obtained an indictment based on [only] three prongs" and "had the petitioner [plead] guilty without all of the elements being included in the indictment and without proving all [four] prongs." [Id. at 14]. Petitioner does not identify these four prongs or which prong he believes was not proven.

The holding in Rehaif does not apply to the facts of this case. First, there was no trial in Petitioner's case; Petitioner pleaded guilty to the § 922(g) charge he now challenges. The burden of proof of the Government,

7

therefore, is not relevant. Second, in agreeing to plead guilty, Petitioner reviewed and agreed to a Factual Basis that reflected that Petitioner told the arresting officer, at the time of Petitioner's arrest, that Petitioner was a felon and that Petitioner possessed the firearm that was subsequently found by the officer. [CR-67, Doc. 20 at ¶ 2]. As such, even if Rehaif applies to guilty pleas, there is no argument here that the Factual Basis was insufficient, or that Petitioner's plea was not knowingly and voluntarily made. See United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) ("A knowing, voluntary, and intelligent guilty plea to an offense conclusively establishes the elements of the offense and the material facts necessary to support the conviction."). To the extent that Rehaif requires that a defendant know that he is a felon in order to be convicted of a violation of 18 U.S.C. § 922(g)(1), Petitioner admitted that element as a part of his plea.

Additionally, Rehaif did not announce a new rule of constitutional law but rather clarified the requirements of 18 U.S.C. § 922(g) and 924(a)(2). In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019). Further, the Supreme Court did not make Rehaif retroactive to cases on collateral review. Id.; In re Wright, --- F.3d ---, 2019 WL 5800218, at *2 (11th Cir. Nov. 7, 2019). As such, there is no basis under Rehaif for a fresh clock on running of the one-year statute of limitations. See 28 U.S.C. § 2255(3). Petitioner's claim under

8

Rehaif, therefore, is both meritless and time barred. The other two claims made by Petitioner in support of his Section 2255 motion, which relate to alleged errors at sentencing, are also time barred.

III. **CONCLUSION**

For the reasons stated herein, Petitioner's Section 2255 motion is untimely and is denied and dismissed.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: March 3, 2020

Martin Reidinger
United States District Judge